# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY GEORGE COVINGTON, SR., | DOCKET NUMBER DC-0752-20-0450-I-1 |
| Appellant, | |
| v. | |
| SMITHSONIAN INSTITUTION, | DATE: November 21, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony George Covington, Sr.</u>, Martinsburg, West Virginia, pro se.

<u>David Larson</u> and <u>Katherine Bartell</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal with prejudice for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective February 11, 2020, the agency removed the appellant from the position of Electronics Mechanic based on the charges of misuse of a Government vehicle, driving on a suspended license, and failure to request leave. Initial Appeal File (IAF), Tab 4 at 17-20.  The appellant timely filed the instant appeal, in which he requested a hearing and declined to e-file.  IAF, Tab 1 at 2. He designated a representative from his union in his initial appeal form.  *Id.* at 3.

The administrative judge issued an acknowledgment order setting forth various requirements, including those governing discovery and pleadings practice.  IAF, Tab 2.  She explicitly informed the parties that failure to follow her orders or the Board's regulations could result in sanctions and instructed them that they could seek clarification with her via telephone regarding any of the case processing instructions set forth in the acknowledgment order.  *Id.* at 2. The agency complied with the instructions in the order and filed its narrative response and evidence file.  *Id.* at 9-10; IAF, Tabs 4-5.  The appellant did not file a response or any other pleading prior to the issuance of the initial decision.

On April 3, 2020, the administrative judge issued an order regarding service, waiving the requirement to serve the appellant by U.S. Mail pursuant to 5 C.F.R. § 1201.12 and ordering the appellant's representative to serve the Board's issuances on the appellant upon receipt. IAF, Tab 6 at 1. The order encouraged the appellant to become an e-filer due to the Board's atypical operations during the pandemic. *Id.*

On April 10, 2020, the administrative judge held a telephonic status conference. IAF, Tab 8 at 1. As set forth in the order and summary of conference call, the administrative judge contacted the appellant and his designated representative directly because neither appeared for the teleconference at the scheduled time. *Id.* Although the union representative was apparently unfamiliar with the case and unaware of the appellant's designation of representative, following a discussion with the administrative judge, the appellant confirmed his intent to be represented by the union president and the representative confirmed his willingness to serve as such. *Id.* at 1-2. During the teleconference, the administrative judge explained to the appellant her order directing his representative to serve him with the Board's orders, again encouraged him to become an e-filer, and provided the telephone number for Board administrative staff should he require assistance with registering as an e-filer. *Id.* at 2-3. The administrative judge rescheduled the teleconference in order to allow the appellant to confer with his representative. *Id.* at 2. During the following teleconference, there was continued confusion regarding the appellant's representation, and the administrative judge informed the appellant that she would not permit any "further delays in case processing . . . regarding representational issues absent extraordinary circumstances." IAF, Tab 9 at 1 n.1.

Subsequently, the agency filed a motion to compel the appellant's discovery responses, asserting that the appellant had failed to provide any responses to their discovery requests. IAF, Tab 11 at 4-7. The agency also submitted into the record certain email communications between the parties

indicating that the appellant intended to change representatives and that it had served the appellant a copy of its motion at his email address of record. *Id.* at 5 n.1, 25. The administrative judge issued a discovery conference order, in which she notified the parties that she would consider the appellant represented by the union president unless and until he submitted a formal notice of withdrawal. IAF, Tab 12 at 1. The administrative judge contacted the appellant directly after he failed to appear at the scheduled time for the discovery conference, and he confirmed that he was no longer represented. IAF, Tab 13 at 1. In a summary of the discovery conference and order, the administrative judge noted that the appellant had failed to appear for several status conferences and only appeared after she had called him directly. *Id.* at 1 n.1. She advised the appellant that it was his duty to keep abreast of his appeal and comply with Board orders. *Id.* The administrative judge granted the agency's motion to compel and ordered the appellant to provide his responses by a date certain. *Id.* at 2. Finally, the administrative judge waived the prohibition against the use of email because the appellant had not registered as an e-filer and explained that the appellant could file pleadings via email and that the Board and the agency could serve the appellant via email. *Id.* at 3-4. The administrative judge noted that the appellant had confirmed his access to his email address of record and agreed to email service. *Id.* at 4 n.2.

The discovery dispute continued, and the agency filed a motion for sanctions, asserting that the appellant had failed to comply with the discovery order and had not provided any responses to the agency's requests. IAF, Tab 14 at 4-7. On June 3, 2020, the administrative judge issued an order, which was served on the appellant via email, rescheduling the prehearing conference to June 11, 2020. IAF, Tab 15 at 1-2. The appellant failed to appear for the telephonic prehearing conference, and the administrative judge contacted him directly at his telephone number of record and left a detailed voice message with instructions regarding the teleconference. IAF, Tab 19 at 1. Subsequently, on

June 12, 2020, the administrative judge issued an order to show cause, stating that it was unclear from the appellant's repeated failures to appear whether he intended to proceed with his appeal. *Id*. at 2. She ordered the appellant to file a response on or before June 18, 2020 and show cause why he failed to comply with her discovery order, failed to file a prehearing submission, and failed to appear for the prehearing conference. *Id*. The administrative judge explicitly informed the appellant that his failure to timely respond to the order or show good cause for his failure to follow the Boards' orders would result in dismissal of the appeal for failure to prosecute. *Id*. The certificate of service stated that the Board served the order on the appellant via electronic mail. *Id*. at 4. The appellant did not respond to the order to show cause.

The administrative judge issued an initial decision dismissing the appeal for failure to prosecute because the appellant failed to participate in his appeal. IAF, Tab 20, Initial Decision (ID) at 1, 4. The administrative judge found that the appellant failed to respond to the acknowledgment order or order compelling him to respond to the agency's discovery requests, failed to submit a prehearing submission, and failed to participate in the prehearing conference. ID at 3. She also found that the appellant failed to respond to her detailed voicemail regarding the missed prehearing conference and failed to participate in his appeal even after she notified him that his appeal could be dismissed if he failed to do so. *Id*.

On July 23, 2020, one month after the issuance of the initial decision, the appellant filed a request to reschedule the prehearing conference. IAF, Tab 22 at 1. He stated that he was "not made aware of" the telephonic prehearing conference and that he had recently moved and received a copy of the letter from his former landlord after the conference. *Id*. The appellant provided the same email address and mobile number that he provided in his initial appeal form, as well as a new mailing address. IAF, Tab 1 at 1, Tab 22 at 1. He also submitted part of the agency's interrogatories and his responses thereto. IAF, Tab 22 at 2-6.

The appellant has filed a petition for review, arguing that he "did not have the proper representation from the union and was not able to get an attorney in time." Petition for Review (PFR) File, Tab 1 at 1. He maintained that he "did not receive the conference call" and did not receive the "letter" until July 17, 2020. *Id.* The appellant argued that he did not have a chance to speak with the administrative judge in his defense and requested that the Board grant him the opportunity to present his case. *Id.* The Office of the Clerk of the Board issued an order informing the appellant that, until the Board returned to normal operations, he would be served by the Board and other parties via email and that he should serve his pleadings via email.[2] PFR File, Tab 2 at 1-2. The agency filed a response, arguing that the administrative judge's dismissal for failure to prosecute was an appropriate sanction for the appellant's repeated failure to comply with Board orders. PFR File, Tab 4 at 6-7. The agency challenged the appellant's assertion that he had belatedly received the order to show cause from a previous landlord, noting that the administrative judge had served all orders after the telephonic discovery conference via email. *Id.* at 8-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders, or has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse

---

[2] The appellant filed a supplement to the petition for review. PFR File, Tab 5. However, it consists only of hard copies of the appellant's petition for review and the letter that he sent to the administrative judge after the issuance of the initial decision. PFR File, Tab 1 at 1, Tab 5 at 2; IAF, Tab 22 at 1.

of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

Although the appellant argues on review that he "did not have the proper representation from the union and was not able to get an attorney in time," the Board has held that an appellant's difficulty in obtaining a representative does not excuse his failure to prosecute his appeal by failing to comply with the Board's orders. PFR File, Tab 1 at 1; *see Williams*, 116 M.S.P.R. 377, ¶ 11. When the appellant failed to appear for the June 11, 2020 prehearing conference, the administrative judge left a voicemail at the appellant's telephone number of record providing detailed instructions on how to dial in to the teleconference, and she kept the conference line open for 15 minutes. IAF, Tab 19 at 1. The appellant did not appear or return the administrative judge's call. *Id.* He also failed to comply with the administrative judge's order compelling him to respond to the agency's discovery request, and he did not file a prehearing submission. *Id.* at 2.

The appellant asserts on review that he "did not receive the conference call" and did not receive the "letter" from the administrative judge "until July 17, 2020 from [his] previous landlord." PFR File, Tab 1 at 1. In its response to the petition for review, the agency correctly noted that, following the discovery conference, the administrative judge served all orders on the appellant via email, including the order amending the time of the prehearing conference. PFR File, Tab 4 at 8-9; IAF, Tab 13 at 6, Tab 15 at 2, Tab 19 at 4. The record contains no evidence suggesting that this order or the order to show cause was served on the appellant via U.S. Mail at a physical address. Presuming that the "letter" to which the appellant refers is the order to show cause, he has failed to explain why he did not receive the order served on him at his email address of record or why he did not follow up after receiving the administrative judge's voicemail on the date of the prehearing conference. PFR File, Tab 1 at 1; IAF, Tab 19 at 1, 4, Tab 22 at 1. Similarly, he has not explained how he "did not receive the

conference call" when the administrative judge's order amending the time of the prehearing conference, which was also served via email, provided detailed instructions for the teleconference. PFR File, Tab 1 at 1; IAF, Tab 15 at 1-2; Tab 22 at 1. Moreover, the appellant confirmed during the discovery conference that he had access to his email address of record and agreed to email service, and he provided the administrative judge with the same email address in his request to reschedule the prehearing conference. IAF, Tab 13 at 4 n.2, Tab 22 at 1. He has also stated on petition for review that he can be reached by email at this same address. PFR File, Tab 5. Finally, the appellant submitted his petition for review via email and did not explain why he could not have submitted pleadings via email after the administrative judge waived the prohibition against the use of email due to the Board's operational difficulties during the ongoing COVID-19 pandemic. PFR File, Tab 1 at 1; IAF, Tab 13 at 3-4; *see* 5 C.F.R. § 1201.12 (permitting an administrative judge to waive a Board regulation, for good cause shown and providing notice to the parties, unless a statute requires application of the regulation); 5 C.F.R. § 1201.14(d) (prohibiting the filing of pleadings via email).

The administrative judge afforded the appellant 6 days to respond to the show cause order and then waited an additional 5 days before issuing the initial decision. *Cf. Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶ 11 (2008) (affording the appellant 2 days to respond to the show cause order did not allow sufficient time for the appellant to receive the mailed order and submit a mailed response). If an appellant is not given enough time to respond, a subsequent untimely response does not necessarily evidence a lack of diligence or negligence. *Id.* Here, however, the appellant failed to submit a response until 1 month after the issuance of the initial decision, and he did not address the detailed voicemail that the administrative judge left him on the day of the prehearing conference or the fact that the order was served on him by email. IAF, Tab 22 at 1.

For the forgoing reasons demonstrating the appellant's repeated failure to comply with Board orders, and because the administrative judge explicitly warned him that failure to respond to the show cause order would result in the dismissal of his appeal for lack of prosecution, we find that the appellant failed to exercise due diligence in prosecuting his appeal. *See Leseman*, 122 M.S.P.R. 139, ¶ 7 (finding that, by failing to take any steps to pursue her appeal until her filed her petition for review, despite being warned that her failure to participate may result in dismissal of the appeal with prejudice, the appellant failed to exercise due diligence in pursuing her appeal); *cf. Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶¶ 13-14 (2010) (finding the sanction of dismissal too severe when the administrative judged never specifically warned the appellant of his intent to dismiss the appeal for lack of prosecution and the appellant had previously taken affirmative steps in pursuing his appeal, including participating in a telephonic status conference and filing responsive pleadings). Accordingly, we find that the administrative judge did not abuse her discretion in imposing the sanction of dismissal with prejudice, and we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.